UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RT-DESTIN ASSOCIATES LLC,**

    **Plaintiff,**

v.                                           **CASE NO. 3:20cv5616-MCR/EMT**

**NEXPOINT REAL ESTATE**
**ADVISORS LP, and**
**LAWYERS TITLE COMPANY,**

    **Defendants.**
_____/

## ORDER

Pending is a Rule 12(b)(1) Motion to Dismiss for Lack of Diversity Jurisdiction, ECF No. 6. Having fully reviewed the matter, the motion will be denied with Plaintiff being required to cure one deficiency.

Plaintiff RT-Destin Associates, LLC ("RT-Destin") alleges diversity jurisdiction and seeks damages in excess of $75,000 for breach of contract. *See* 28 U.S.C. § 1332(a). In particular, RT-Destin alleges that it is a citizen of New York, Connecticut, Louisiana, and Delaware, by virtue of its members' citizenships, as named in the Complaint.[1] It alleges "upon information and belief" that Defendant

---

[1] RT-Destin names its members and citizenships, which include individuals, a corporation, and a "KEG Trust, a trust formed under the laws of Louisiana." ECF No. 1, at 3. The citizenships of all beneficiaries of KEG Trust are listed. RT-Destin asserts that its pre-suit investigation did not reveal the identities or citizenships of Nexpoint's members or indicate that any of the members were citizens of the same state as RT-Destin.

Nexpoint Real Estate Advisors, L.P. ("Nexpoint") is "not" a citizen of those states, and that, "upon further information and belief," Defendant Lawyers Title Company ("Lawyers Title") is a citizen of California, by reason of its place of incorporation and the maintenance of its principal executive office there. *See* ECF No. 1.

In response to the Complaint, Lawyers Title filed an Answer, now amended, denying the allegation of California citizenship and asserting instead that it is a Texas corporation with its principal place of business in Texas, and therefore, it is a citizen of Texas. *See* ECF No. 10. Nexpoint filed a Rule 12(b)(1) Motion to Dismiss for Lack of Diversity Jurisdiction, ECF No. 6, asserting that pleading on "information and belief" is insufficient and challenging factually the citizenship of Lawyers Title, claiming it is a citizen of Delaware, which destroys diversity. RT-Destin opposes the motion but requests leave to take limited jurisdictional discovery in the event the Court is inclined to grant it, ECF No. 9.

To invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), the plaintiff must allege that the amount in controversy exceeds $75,000 and that "all plaintiffs [are] diverse from all defendants." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). An LLC is a citizen of each state in which its members are citizens, *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), and a corporation is a citizen of every

state in which it is incorporated and every state "where it has its principal place of business."[2]  28 U.S.C. § 1332(c)(1).  It is the burden of the party invoking federal jurisdiction to plead diversity of citizenship and to prove diversity if jurisdiction is properly challenged.  *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[3]  A challenge to the Court's subject matter jurisdiction may be facial or factual.  A Rule 12(b)(1) facial attack is based on the allegations of the complaint, which are taken as true and reviewed for plausibility, as with a Rule 12(b)(6) motion.  *See Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009); *see also Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (plausibility standard).  A factual attack, "on the other hand, challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  On a factual attack, if diversity of citizenship is challenged "by submitting affidavit evidence in support of

---

[2] A corporation's principal place of business is generally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding in this Circuit all decisions of the former Fifth Circuit prior to the close of business on September 30, 1981).

its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Assuming diversity of citizenship has been sufficiently alleged, the plaintiff's burden to prove diversity through a factual attack "exists only if the defendant has first proffered evidence to show a lack of diversity." *Kleiman v. Wright*, No. 18-CV-80176, 2019 WL 3841931, at *2 (S.D. Fla. Aug. 15, 2019) (quoting *JPMCC 2005-CIBC13 Collins Lodging v. Philips South Beach, LLC*, Case No. 10-20636-CIV-ALTONAGA/Brown, 2010 WL 11452084, at *3 (S.D. Fla. 2010) (denying motion because defendant's "factual attack on diversity of citizenship is devoid of evidentiary support")).

Additionally, the Court at all times retains the independent responsibility and authority to require proof of citizenship for purposes of establishing that diversity jurisdiction is properly invoked. *See Johansen v. Combustion Eng'g, Inc.,* 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Also, "a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000). But, if the plaintiff does not cure

CASE NO. 3:20cv5616-MCR/EMT

the deficiency, the court is "constitutionally obligated to dismiss the action altogether." *Travaglio v. Am. Exp. Co*., 735 F.3d 1266, 1268 (11th Cir. 2013).

Nexpoint first argues that facially, Plaintiff's allegations based on "information and belief" are inadequate and that Plaintiff has failed to identify Nexpoint's members and citizenships in any way (pleading only in the negative that they are *not* members of the same states as RT-Destin). RT-Destin responds that its pleading on "information and belief" and in the negative were made only after a good faith investigation and therefore is facially sufficient, citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108-110 (3d Cir. 2015) (acknowledging that "[t]he membership of an LLC is often not a matter of public record," and concluding that where the information needed to establish diversity of citizenship is within the defendant's control, a plaintiff need not plead jurisdiction based on actual knowledge). In the absence of authority in the Eleventh Circuit, the Court finds *Lincoln Benefit* persuasive and agrees with RT-Destin that the negative allegation is sufficient to survive a facial challenge in this context. RT-Destin made a good-faith pre-suit attempt to identify Nexpoint's members through publicly available sources, and nothing reflected that any members of Nexpoint are located in New York, Connecticut, Louisiana, or Delaware (RT-Destin's alleged states of citizenship). *See id.* (citing authority showing that the Ninth Circuit agrees with this approach as

well).  Thus, the Court takes the allegation as true at this juncture.  Additionally, the discrepancy that arises from Lawyers Title's Answer, in which it represents that it is not a citizen of California but of Texas, does not destroy diversity.

On independent review, however, the Court notes that facially, RT-Destin may not have adequately pled its own citizenship.  Its members include a trust, but only the citizenships of the trust's beneficiaries are alleged, which is not adequate, assuming this is a "traditional" trust.  "A 'traditional trust' holds the citizenship of its trustee, not of its beneficiaries."[4]  *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, –––– U.S. ––––, 136 S. Ct. 1012, 1016 (2016)).  For this reason, RT-Destin must either file an amended Complaint or otherwise supplement the record to clarify the citizenship of the trust for the case to proceed.

Nexpoint also attempts to raise a factual attack, arguing diversity is lacking because RT-Destin incorrectly alleged the citizenship of Lawyers Title.[5]  According to Nexpoint, Lawyers Title is a citizen of Delaware by reason of its 2008 merger

---

[4] If, however, the trust is not a traditional trust but an unincorporated entity, such as an investment trust organized and recognized under state law, then "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'" *Americold Realty Tr. v. Conagra Foods, Inc.*, ––– U.S. ––––, 136 S. Ct. 1012, 1015 (2016).

[5] Nexpoint did not present any affidavit or proof that its own members are citizens of one of the same states as RT-Destin but instead argues that Lawyers Title destroys diversity.

CASE NO. 3:20cv5616-MCR/EMT

with Fidelity National Financial, Inc. ("Fidelity National"), which is a Delaware corporation and citizen of Delaware, as is RT-Destin. In support of the motion, Nexpoint attached Fidelity National's articles of incorporation from the State of Delaware and a press release announcing its merger with Lawyers Title in 2008. *See* ECF Nos. 6-1 to 6-5. RT-Destin argues that Nexpoint has not properly mounted a factual challenge because it presented no affidavits to support its argument. Also, Fidelity National has not been sued, and RT-Destin argues that therefore, even if Fidelity National is a parent corporation of Lawyers Title, the citizenship of a parent corporation will not destroy diversity, citing *Topp v. CompAir, Inc.*, 814 F.2d 830, 835 (1st Cir. 1987) ("The general rule is that a 'subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business.'" (quoting 1 Moore's Federal Practice ¶ 0.77 [1.–2], at 717.10)).

The Court agrees with RT-Destin that in the absence of affidavits, Nexpoint has not asserted a proper factual attack showing a lack of diversity of citizenship. Therefore, the motion will be denied at this time and limited jurisdictional discovery is not necessary. Any such jurisdictional issues can be explored during the normal course of discovery and may be raised at any time, provided the evidences shows that diversity was lacking at the time the suit was filed. *See generally, Grupo*

*Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) (stating courts measure "all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing").

Accordingly, Nexpoint's Rule 12(b)(1) Motion to Dismiss for Lack of Diversity Jurisdiction, ECF No. 6, is **DENIED** without prejudice. However, the Plaintiff has fourteen (14) days to amend the Complaint in order to adequately allege the citizenship of its member trust. Each Defendant has fourteen (14) days thereafter to answer.

**DONE AND ORDERED** this 5th day of November 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**